UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMMA MARTINEZ, | ) | Case No. CV 05-5467 AHS (AJW) |
| Plaintiff, | ) | |
| | ) | CASE MANAGEMENT ORDER |
| vs. | ) | [Social Security] |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

In accordance with General Order 05-01, this case is designated for electronic filing. Counsel shall electronically file all documents by 4:00 p.m. on or before the due date. **Courtesy copies of electronically filed documents are unnecessary.**

In order to facilitate the just, speedy, and inexpensive determination of this case, the parties shall comply with the following instructions.

I.   **Service of the Summons and Complaint**

Plaintiff shall promptly serve the summons and complaint on the Commissioner in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure. Such service shall consist of sending a copy of the summons and complaint by registered or certified mail to each of the following: (a) the United States Attorney for the Central District of California, or his or her authorized agent, addressed to the civil process clerk at the Office of the United States Attorney, Civil Division, Room 7516,

Federal Building, 300 North Los Angeles Street, Los Angeles, California 90012; (b) the Commissioner of Social Security in Washington, D.C.; and (c) the Attorney General of the United States in Washington, D.C.  Plaintiff shall electronically file a proof of service showing compliance with this paragraph within twenty-eight (28) days after the filing of the complaint.[1]  Failure to comply with this paragraph may result in dismissal of this case.

**II.    Motion to Dismiss**

Any motion to dismiss the complaint shall be electronically filed in accordance with the rules governing noticed motions; provided, however, that the motion shall be deemed submitted on the basis of the papers timely filed as of the hearing date, without oral argument, unless the Court orders otherwise.  See Fed.R.Civ.P. 7 and 12; C.D. Cal. Local Rules 7 and 12.

**III.   Service of Administrative Record and Notice Thereof**

The Commissioner shall have one hundred and twenty (120) days from the date of service of the complaint in which to serve a complete copy of the certified administrative record on plaintiff and electronically file a notice of service with the Court.

**IV.   Discovery and Pre-trial Proceedings**

No discovery or other pre-trial proceedings not authorized by this order shall be conducted without leave of court.  In particular, no motion for summary judgment

---

[1]    If this Case Management Order is electronically filed  prior to service of the summons and complaint, plaintiff shall serve a copy of this order concurrently with the summons and complaint.  If this order is electronically filed after the service of the summons and complaint, plaintiff shall serve a copy of it by first-class mail on the Office of the United States Attorney within fourteen (14) days from the date the order is electronically filed, and plaintiff shall promptly electronically file a proof of service with the Court.

1   shall be filed.  The decision in this case will be made on the basis of the pleadings, the

2   administrative record, and the Joint Stipulation filed by the parties.  In accordance

3   with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine

4   which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

5

6   **V.   Mandatory Settlement Procedures**

7        The parties shall engage in good faith settlement negotiations to resolve the

8   matter, according to the following schedule.

9        A.    Within twenty-one (21) days of the date of service of a copy of the

10  administrative record, plaintiff shall prepare and deliver to the Assistant United States

11  Attorney ("AUSA") representing the Commissioner a written and detailed proposal

12  of settlement.  Plaintiff shall transmit a copy of the settlement proposal to:

13
14          Social Security Administration
            Office of the General Counsel
15          Office of the Regional Chief Counsel, Region IX
            Attn:  Early Review Program
16          333 Market Street, Suite 1500
            San Francisco, CA 94105
17          Telephone:  (415) 977-8943
            Facsimile:  (415) 744-0134

18       B.    Within twenty-eight (28) days of receipt of the written settlement

19  proposal, the Commissioner shall evaluate the merits of plaintiff's contentions and

20  confer with plaintiff's counsel in writing by mail or facsimile transmission.

21       C.    Within seven (7) days after the service on plaintiff of the Commissioner's

22  written response to the settlement proposal, one of the following actions shall occur:

23       1.    The parties shall electronically file a stipulation dismissing,

24  remanding, or otherwise resolving the case;

25       2.    The parties shall electronically file a Joint Status Report advising

26  the Court that they are exercising their option to extend the due dates an

27  additional fourteen (14) days for continued settlement discussions (such

28  extension is automatic upon filing of the Joint Status Report).  Within fourteen

3

(14) days after the electronic filing of a Joint Status Report, the parties shall comply with either paragraph 1 or 3; or,

3.     The Commissioner shall electronically file an answer (or a noticed motion to remand).

4.     The certified administrative record shall be manually filed with the Clerk and served upon the parties in the traditional manner.  A Notice of Manual Filing and Service of the Administrative Record, Form G-92, shall be electronically filed.

**VI.    Joint Stipulation**

If the parties cannot resolve the matter in settlement discussions (and there is no motion to dismiss or motion to remand pending before the Court), the parties shall electronically file a Joint Stipulation in the manner, and according to the schedule, set forth below.  The parties shall cooperate in preparing the Joint Stipulation, and sanctions may be imposed for any failure to cooperate.  A Joint Stipulation that is not signed by counsel for both parties may be rejected and stricken by the Court.  A Joint Stipulation that is electronically filed, but that is not prepared in the manner required by this order, may be stricken, in which event the parties will be required to cure the defects by electronically filing an Amended Joint Stipulation.

**VII.   Content of Joint Stipulation**

The Joint Stipulation shall include a brief summary of the case, the parties' positions with respect to the Administrative Law Judge's ("ALJ") summary of the material medical evidence and testimony of record, a statement of the disputed issues, the parties' contentions with respect  to each disputed issue, and the parties' statements of the relief requested.  Any issue not raised in the Joint Stipulation may be deemed to have been waived.  The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate

4

discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.[2] When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the administrative record for all evidence relied upon ["AR ___"]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

## VIII.  Form of Joint Stipulation

The Joint Stipulation shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

A.   Summary of the Case

Plaintiff shall provide a brief summary of the background facts and procedural history. The Commissioner need not respond to plaintiff's summary, unless the Commissioner believes that plaintiff's summary misstates, mischaracterizes or omits any material facts or proceedings.

B.   Medical Evidence

1.    Plaintiff shall state whether plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and

---

[2] The parties should cite only controlling case authority (i.e., decisions of the United States Supreme Court or the Ninth Circuit Court of Appeals). If there is no controlling authority, the decisions of other courts may be cited.

testimony of record.  If not, plaintiff shall either (a) specify the respects in which plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Stipulation.

2.    The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record.  If not, the Commissioner shall either (a) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Stipulation.

C.    <u>Statement of Disputed Issues</u>

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff is raising as the grounds for reversal and/or remand.  [Example: "Issue No. 1 – Whether the ALJ properly evaluated plaintiff's subjective complaints of pain."]

D.    <u>Issues and Contentions</u>

1.    Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

a.    Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth plaintiff's contentions (including citations to the page(s) of the administrative record recited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

b.    The Commissioner's Contentions Regarding Issue No. 1 [The Commissioner shall concisely set forth The Commissioner's

contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

      c.    Plaintiff's Reply Regarding Issue No. 1 [Plaintiff may, but is not required to, reply to the contentions actually raised by the Commissioner; provided, however, that any such reply does not exceed 56 continuous lines of text per issue.]

    2.    Issue No. 2, etc. [Repeat the foregoing format as needed.]

E.    <u>Relief Requested</u>

    1.    Plaintiff's statement of relief requested.

    2.    The Commissioner's statement of relief requested.

## IX.    **Schedule for Preparation and Filing of Joint Stipulation**

The Joint Stipulation shall be prepared and electronically filed according to the following schedule:

A.    Within twenty-one (21) days of the filing of the answer, plaintiff's counsel shall prepare and deliver to the AUSA a draft of plaintiff's portions of the Joint Stipulation (prepared as described in section VIII, paragraphs A, B, C, D subparagraph a, and E). Plaintiff's counsel shall provide the AUSA and the Office of Regional Counsel with a printed copy of plaintiff's portions of the Joint Stipulation and a computer-readable copy on diskette or via e-mail. The draft of plaintiff's portions of the Joint Stipulation shall comply with the format and content requirements set forth elsewhere in this order.

B.    Within twenty-eight (28) days of the date on which plaintiff's counsel provides the AUSA and the Office of Regional Counsel with the draft of plaintiff's portions of the Joint Stipulation, the Commissioner shall provide to plaintiff's counsel the Commissioner's portions of the Joint Stipulation and shall deliver a printed and computer-readable copy of the Commissioner's portions of the Joint Stipulation to

plaintiff's counsel.  [The Court recognizes that differing word-processing platforms make incorporation of the entire Joint Stipulation into a single electronic document difficult.  If the parties do not use the same word-processing platform, the parties may break the Joint Stipulation into different sections on different pages as necessary.]

C.     Within fourteen (14) days after the Commissioner provides plaintiff's counsel with the Commissioner's portions of the Joint Stipulation, plaintiff's counsel shall incorporate into the Joint Stipulation any reply that plaintiff may wish to make to the Commissioner's contentions, and shall deliver a completed copy of the Joint Stipulation signed by plaintiff to the AUSA for review, signature and electronic filing.  [See paragraph B regarding incorporation and breaking of document.]  Plaintiff shall not use the reply to raise new issues that the Commissioner has not had an opportunity to address.

D.     Within three (3) days of delivery by plaintiff's counsel of the signed Joint Stipulation, the AUSA shall sign and electronically file the Joint Stipulation.

**X.     Requests for Extensions of Time**

The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time.  Accordingly, requests for extensions of time are discouraged. Any such request shall set forth specific facts showing that additional time is needed despite diligent attempts to meet a deadline.  Requests for extensions of time shall be electronically filed at least three (3) days before the deadline that is the subject of the request.  Whenever possible, a request for extension of time should be made in the form of a proposed stipulated order.

**XI.   Oral Argument**

Unless otherwise ordered, the issues presented in any Joint Stipulation shall be deemed submitted for decision without oral argument.

8

**XII.   Motions and Petitions for Attorney Fees**

A.     Equal Access to Justice Act

1.     Any motion or petition for attorney fees, costs, and expenses shall be made in accordance with 28 U.S.C. § 2412 (EAJA).   Plaintiff shall electronically file a notice of any motion or petition for attorney fees, costs, and expenses under the EAJA and manually serve a copy on the Office of Regional Counsel.

2.     The Commissioner shall have a period of twenty-one (21) days from the date of electronic filing of the motion or petition within which to electronically file the Commissioner's opposition to the motion or petition.

3.     If the Commissioner believes that there is a possibility of arriving at a settlement with plaintiff of the fees, costs and expenses issue, the parties shall electronically file a stipulation to extend the time for the Commissioner to file an opposition for the purpose of affording the parties an opportunity to discuss settlement.   Any such stipulated extension shall be electronically filed prior to the date the Commissioner's opposition is due, and the stipulated extension shall be for no more than thirty (30) days.

4.     Assuming either that there is no extension to discuss settlement or that no settlement is reached after such an extension, plaintiff may electronically file a reply to the Commissioner's opposition within ten (10) days of service thereof.

5.     The matter will stand submitted pursuant to Local Rule 7-15 as of the date of the last filing.

B.     42 U.S.C. § 406(b)

1.     Any motion or petition for attorney fees pursuant to 42 U.S.C. § 406(b) shall be made by plaintiff's counsel within a reasonable time after the publication of a notice by the Commissioner allowing the Court to determine the maximum allowable fee under that provision.   The motion or petition shall

9

include a statement by plaintiff's counsel indicating the amount of EAJA fees and/or 42 U.S.C. § 406(a) fees awarded and/or requested.

2.      Plaintiff's counsel shall electronically file a motion or petition for attorney fees pursuant to 42 U.S.C. § 406(b) and manually serve copies on the Office of Regional Counsel and on the plaintiff.  Plaintiff's counsel shall state in any notice that plaintiff may file any statement or opposition with the Court not more than fourteen (14) days after service of the motion [petition], and that any statement or opposition filed by plaintiff shall be served on both plaintiff's counsel and the AUSA.

3.      The Commissioner shall electronically file any statement or opposition not more than fourteen (14) days after service of the motion or petition, and also manually serve a copy on the plaintiff.

4.      Plaintiff's counsel may electronically file a reply in support of the motion or petition within seven (7) days of service of any statement or opposition, and also manually serve a copy on the plaintiff.

5.      The matter will stand submitted pursuant to Local Rule 7-15 as of the date the last filing is due.

**IT IS SO ORDERED.**

DATED: <u>August 4, 2005</u>

_____
/S/
ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE