UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EMMA MARTINEZ,  )<br>  )<br>    **Plaintiff,**  )<br>  )<br>    v.  )<br>  )<br>MICHAEL J. ASTRUE,  )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY ADMINISTRATION[1],  )<br>  )<br>    **Defendant.**  )<br>_____ ) | **Case No. CV 05-5467 AJW**<br><br>**ORDER GRANTING PETITION<br>FOR EAJA FEES<br>28 U.S.C. § 2412** |

Before the court is plaintiff's petition for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Petition"), filed on December 28, 2006. Defendant filed an amended opposition on January 19, 2007 ("Defendant's Opp."). Plaintiff filed a reply.

**Proceedings**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income benefits. On October 12, 2006, judgment was entered reversing and remanding the case for further administrative proceedings.

///

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

**Discussion**

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). The government has the burden of proving that its position was substantially justified. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996). Substantial justification means that the Commissioner's position must have a reasonable basis in law and in fact. Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998). The government must show that its position is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." Corbin, 149 F.3d at 1053 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The government's position must be substantially justified at each stage in the proceedings, both at the administrative level and in district court. Corbin, 149 F.3d at 1053 (citing Flores v. Shalala, 49 F.3d 562, 569-571 (9th Cir. 1995)).

Plaintiff seeks EAJA fees for a total of 19.7 hours of attorney time at the adjusted statutory rate of $163.67 per hour, including time spent litigating this fee petition, and 3.3 hours of paralegal time at $105.09 per hour. [Petition 10]. The Commissioner contends that his position was substantially justified and, in the alternative, that the time billed for preparing the EAJA fee petition is unreasonable.[2] [Defendant's Opp. 3-7].

**Substantial justification**

The Commissioner contends that his position was substantially justified because he "reasonably argued that the ALJ harmlessly stated that a hypothetical question was posed to the vocational expert when no such question was posed," and that the mistaken reference to the hypothetical question did not invalidate the ALJ's past relevant work finding because plaintiff's past relevant work as classified by the DOT matched her RFC. [Defendant's Opp. 3].

The focus of the substantial justification inquiry is whether "the particular position(s) taken by the Commissioner in the remand proceedings were substantially justified," and therefore a prevailing disability

---

[2] The Commissioner does not contest the adjusted statutory hourly rate of $163.67 requested by plaintiff's counsel or the hourly rate of $105.09 sought for his paralegal's services.

claimant is entitled to EAJA fees unless the Commissioner shows "that her position *with respect to the issue on which the court based its remand*" was substantially justified. Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002)(emphasis in original)(quoting Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995)).

The court's remand was based on more than a mere "mistaken reference" to a hypothetical question that was not asked. To support his finding that plaintiff could perform her past relevant work, the ALJ cited non-existent testimony in response to a non-existent hypothetical question. The ALJ's mistake may have been inadvertent, but, as explained in the court's memorandum of decision, it was not harmless because it deprived the ALJ's decision of the articulated findings necessary to support the denial of benefits. If this error were as innocuous and as easily remedied as the Commissioner contended in briefing on the merits and in his opposition to the fee petition, it is difficult to understand why the matter was not remanded for a new decision at the agency level or by a stipulation in this case.

The Commissioner's reliance on an administrative decision with such an obvious defect to deny benefits and her decision to defend that defective decision in court were unreasonable. Accordingly, the Commissioner's position was not substantially justified.

**Reasonableness of the number of hours claimed**

The Commissioner contends that it was unreasonable for plaintiff's counsel to bill 1.7 hours of time for preparing the EAJA fee petition because a similar fee petition was filed by counsel on the same day in another case, and counsel billed 2.7 hours of time for preparing that petition. The Commissioner requests that .7 hours be compensated for preparation of the EAJA fee petition rather than 1.7 hours.

The party seeking to recover fees bears the burden of establishing entitlement to a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001). Hours spent litigating EAJA fees are compensable. See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163-166 (1990).

Plaintiff's counsel has submitted an itemized statement of services rendered and a supporting declaration attesting to the accuracy of that statement. Only 1.2 hours were billed for preparation of the

1  EAJA fee petition. The remaining half hour was billed for drafting an EAJA fee stipulation, but the parties
2  obviously did not stipulate to EAJA fees.

3  Based on the court's experience reviewing fee petitions in social security disability cases, the
4  moving papers typically include some standardized statements of the law and arguments of general
5  applicability about entitlement to fees, but that does not obviate the need for counsel to summarize the
6  relevant facts and to analyze the application of the law to the facts. The opposing memorandum filed by
7  the Commissioner typically contains some"boilerplate" text as well. Plaintiff's counsel also points out that
8  the EAJA fee petition filed in the other case was prepared first, and that his billing of 1.2 hours for
9  preparation of the fee petition in this case effectively reflects a discount for using the earlier fee petition as
10 a template.

11 Plaintiff's counsel reasonably expended 1.7 hours preparing the EAJA stipulation and fee petition
12 and one additional hour drafting the reply memorandum.

### Conclusion

14 For the reasons discussed above, plaintiff's petition for EAJA fees is **granted** in the total amount of
15 three thousand, five hundred seventy-one dollars and ten cents ($3,571.10) for 19.7 hours of attorney time
16 at the adjusted statutory hourly rate of $163.67 and 3.3 hours of paralegal time at the rate of $105.09 per
17 hour.

**IT IS SO ORDERED.**

DATED: May 30, 2007

/ s /
_____
ANDREW J. WISTRICH
United States Magistrate Judge

4